# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MITCHELL D. TECONCHUK**                                                                    **PLAINTIFF**
**ADC #158686**

**V.**                              **NO. 4:21-cv-01220-KGB-ERE**

**CHRISTOPHER BUDNICK,** *et al.*                                                         **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Mitchell D. Teconchuk's motion for summary judgment.[1] *Doc. 20.* In a one-sentence motion, Mr. Teconchuk asserts that he "is seeking summary judgment on the merits at this time . . . ." *Doc. 20.* However, he offers neither evidence nor law to support his motion. Additionally, the discovery deadline is not until August 18, 2022. *Doc. 19. See Jackson v. Reibold,* 815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'").

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Accordingly, Mr. Teconchuk's motion for summary judgment (*Doc. 20*) is DENIED, as premature, without prejudice to refiling.[2]

IT IS SO ORDERED this 31st day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If Mr. Teconchuk refiles a motion for summary judgment, he must provide evidence to show that he is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c) (providing that summary judgment is appropriate only when the supporting evidence demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) (explaining that the moving party bears the initial burden of identifying the parts of the record that show a lack of genuine issue of material fact). In addition, he should also file "a separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried" as required by Local Rule 56.1(a).