IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MITCHELL D. TECONCHUK**                                                                                              **PLAINTIFF**
**ADC #158686**

v.                                          Case No. 4:21-cv-01220-KGB

**CHRISTOPHER BUDNICK,** *et al.*                                                                             **DEFENDANTS**

**ORDER**

Before the Court is the Partial Recommended Disposition submitted by United States Magistrate Edie R. Ervin (Dkt. No. 8). Plaintiff Mitchell D. Teconchuk has filed objections to the Partial Recommended Disposition (Dkt. No. 8). After careful consideration of the Partial Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes that the Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 8).

**I.      Background**

Mr. Teconchuk, currently confined in the Tucker Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). In his original complaint, Mr. Teconchuk sued nine defendants and one Jane Doe defendant and alleged a wide range of unrelated claims including claims of: (1) retaliation; (2) sexual harassment; (3) violation of equal protection rights; (4) violation of procedural due process rights; (5) failure to conduct a proper internal investigation; (6) failure to protect; (7) unsanitary conditions of confinement; and (8) unreasonable visual body search (Dkt. No. 2). Rather than proceed with screening, the Court instructed Mr. Teconchuk that he could not pursue multiple unrelated claims in one lawsuit and that several of his claims lacked sufficient support (Dkt. No. 4-1). The Court gave Mr. Teconchuk the opportunity to file an amended complaint (*Id.*). Mr. Teconchuk filed an

amended complaint that removed defendants Davis and Wilkins as parties; eliminated his claim for sexual harassment; and included claims that he described as claims involving forgery, retaliation, and failure to follow policies and procedures (Dkt. No. 7). The Court found that for screening purposes Mr. Teconchuk stated retaliation claims against defendant Major Tasha L. Griffin and ordered service on Major Griffin (Dkt. No. 9).

## II.     Screening The Complaint

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Analysis

The Court writes separately to address Mr. Teconchuk's objections (Dkt. No. 5). In the Partial Recommended Disposition, Judge Ervin recommends that Mr. Teconchuk's claims of sexual harassment, equal protection, failure to protect, conditions of confinement, unreasonable visual body search, and supervisory liability be dismissed without prejudice because he did not mention the claims in his amended complaint or did not develop the claims further in his amended complaint and merely asserted conclusory allegations. Mr. Teconchuk's objections do not reference specifically most of these claims. Mr. Teconchuk's objections focus on officers' failure to follow "poli[cies] and procedures" when searching his "rack," finding contraband, charging him with a disciplinary, and his failure to protect claim (Dkt. No. 11). After reviewing the record, the Court concludes that Mr. Teconchuk's claims of sexual harassment, equal protection, conditions of confinement, unreasonable visual body search, and supervisory liability claims should be dismissed without prejudice.

As the Court understands Mr. Teconchuk's objections, he asserts that officers have not conducted an internal investigation into his allegations of forgery, that officers have failed to follow ADC policies and procedures in investigating, and that he requests an outside investigator to investigate his allegations of corruption (*Id.*, at 4-5). Mr. Teconchuk also claims that defendants failed to follow Administrative Directive 17-16 related to an internal investigation and computerized voice stress analysis examination.

To the extent that Mr. Teconchuk alleges that defendants are violating ADC policies and procedures, Judge Ervin points out that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations, and Mr. Teconchuk's objections point the Court to no contrary authority (Dkt. No. 8, at 7 (*citing Phillips v. Norris*, 320 F.3d 844, 847 (8th

3

Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).  Further, as Judge Ervin recognizes, Mr. Teconchuk does not have a statutory or constitutional right to an internal investigation (*Id*. (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002); *Womack v. Bell*, 2010 WL 3803011, *2 (E.D. Ark. 2010)).  The Court overrules Mr. Teconchuk's objections to Judge Ervin's Partial Recommended Disposition as to his forgery, failure to follow policy, and failure to conduct a proper internal investigation claims.

Judge Ervin concludes that Mr. Teconchuk has failed to provide information or mention his failure to protect claim in his amended complaint and recommends that it be dismissed.  In his objections, Mr. Teconchuk states:

> Captain Wilkins notified me I should learn how to close my mouth and due to how Lt. Norman, Major Griffin and Captain Audrey Wilkins conducted their investigation on me calling me to the security office and then locking me in the library holding me there making me look like a [snitch] to the rest of general population and removing me from 5B and forcing me to immediately pack my property and remove me from the [barracks] and trying to move me to another [barracks] immediately after sucking up someone [else's] property trying to place me in 7B not protecting me when I notified security I looked like a [snitch] due to the allotted contraband did not belong to me.

(Dkt. No. 11, at 3).  Mr. Teconchuk states "staff were aware of what these intentions were on getting me hurt and I notified security of polic[ies] [and] procedures were not being followed." (Dkt. No. 11, at 3).

As Judge Ervin notes, to state a claim for failure to protect, an inmate must allege that:  (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendant knew of and disregarded a substantial risk of serious harm (Dkt. No. 8, at 8 (citing *Holden v. Hirner*, 663 F.3d 336 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007)).  Mr. Teconchuk asserts in his objections that he "notified

4

security" that he looked like "a snitch," but he does not assert that any of the defendants knew of and disregarded a substantial risk of serious harm in order to state a claim for failure to protect him. To the extent that Mr. Teconchuk argues that the defendants did not follow ADC policies and procedures in transferring him, as set forth above, that claim does not assert a constitutional or statutory violation. The Court overrules Mr. Teconchuk's objection to Judge Ervin's Partial Recommended Disposition on his failure to protect claim.

Upon a *de novo* review of the record, including the Partial Recommended Disposition, the Court finds that Mr. Teconchuk's objections break no new ground and fail to rebut the Partial Recommended Disposition. Thus, the Court agrees with the Partial Recommended Disposition and adopts it in its entirety as this Court's findings in all respects (Dkt. No. 8).

### V.     Conclusion

For these reasons, the Court adopts the Partial Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 8). Therefore, it is ordered that:

1. The Court dismisses without prejudice Mr. Teconchuk's claims against defendants Christopher Budnick, Antwon Emsweller, Lajoya S. Norman, Audrey Wilkins, Latisha D. Davis, Justine M. Minor, Jada Lawrence, Dexter Payne, and Doe based on his failure to state a claim upon which relief may be granted (Dkt. No. 8);

2. The Clerk of the Court is instructed to terminate Christopher Budnick, Antwon Emsweller, Lajoya S. Norman, Audrey Wilkins, Latisha D. Davis, Justine M. Minor, Jada Lawrence, Dexter Payne, and Doe as defendants in this matter.

So ordered, this 17th day of January, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge