# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MITCHELL D. TECONCHUK**  **PLAINTIFF**
**ADC #158686**

**V.**           **NO. 4:21-cv-01220-KGB-ERE**

**CHRISTOPHER BUDNICK,** *et al.*           **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Kristine G. Baker. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you don't object, you risk waiving the right to appeal questions of fact and Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.   Introduction:**

Plaintiff Mitchell D. Teconchuk, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Teconchuk is currently proceeding on his claim that Major Tasha L. Griffin[1]

---

[1] Major Griffin now serves as Assistant Warden of the ADC's Ouachita River Correctional Unit. *Doc. 41-3 at 1*. Because Ms. Griffin served as a Major at the time the events giving rise to this lawsuit occurred, the Court will refer to her by that title in this Recommendation.

took retaliatory, disciplinary action against him because he reported that she was "bringing in contraband."[2] *Doc. 7 at 5*.

Pending before the Court is Major Griffin's motion for summary judgment, statement of undisputed facts, and brief in support. *Docs. 41, 42, 43*. Mr. Teconchuk has not responded to Major Griffin's motion, and the time for doing so has passed. *Doc. 44*. The motion is now ripe for review.

For the reasons explained below, Major Griffin's motion for summary judgment should be granted.

## III. Discussion:

### A. Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material

---

[2] The Court previously dismissed Mr. Teconchuk's claims against Christopher Budnick, Antwon Emsweller, Lajoya S. Norman, Audrey Wilkins, Latisha D. Davis, Justine M. Minor, Jada Lawrence, Dexter Payne, and Doe based on his failure to state a plausible constitutional claim for relief. *Doc. 37*.
   Mr. Teconchuk's original complaint alleged that Major Griffin retaliated against him because he complained that she sexually harassed him. *Doc. 2 at 6*. However, in his deposition, Mr. Teconchuk clarified that he was not pursuing a retaliation claim on that basis. *Doc. 41-2 at 9*. Accordingly, he has abandoned that claim.

fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for trial. *See* Fed. R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. *See* Fed. R. Civ. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

B.   **Undisputed Factual Background**[3]

In October 2021, while Mr. Teconchuk was housed at the ADC's Tucker Unit, a confidential letter, assumed to be written by Mr. Teconchuk, was given to Lieutenant Lajoya Norman (no longer a party Defendant). *Doc. 41-1 at 13*. In the letter, Mr. Teconchuk allegedly wrote, "[h]elp me in being raped move me out of 5B you can have my cell phone & my tattoo matter its [sic] in the panel of my cell." *Id*.

October 4, 2021, Lieutenant Norman conducted a shakedown of Mr. Teconchuk's cell based on the contents of the letter. *Id. at 7*. She discovered two socks behind the wall panel of cell 55.[4] *Id*. The first sock contained a black LG cell phone, one cell phone charging port, and a charging cord. *Id*. The second sock contained one metal tattoo motor, an electric socket device, one electrical cord, and

---

[3] Unless otherwise stated, these facts are taken from: (1) Mr. Teconchuk's disciplinary papers (*Doc. 41-1 at 1-26*); (2) Mr. Teconchuk's deposition testimony (*Doc. 41-2*); and (3) Major Griffin's declaration (*Doc. 42-3*).

[4] Mr. Teconchuk contends that the panel was located between his cell wall and another cell wall. *Doc. 41-2 at 4*.

two sharpened pieces of metal. *Id*. In addition, Lieutenant Norman located a letter handwritten by Mr. Teconchuk in which he admitted to tattooing other inmates. *Id. at 14-15*. As a result, Lieutenant Norman charged Mr. Teconchuk with: (1) out of place assignment; (2) self-mutilation; (3) possession/introduction/use of cell phone; (4) possession/introduction/use – unauthorized electronic device; and (5) possession/introduction of clothing. *Id. at 24*.

On October 7, 2021, Officer Justine Minor (no longer a party Defendant) held a disciplinary hearing. *Id. at 25-26*. Officer Minor found Mr. Teconchuk guilty of possession/introduction/use of cell phone and possession/introduction/use of clothing. *Id*.

Both the Warden and ADC Director upheld Mr. Teconchuk's disciplinary convictions. *Id. at 26*.

During his deposition, Mr. Teconchuk explained that Major Griffin had the major disciplinary issued to him, rather than his cell mates, because he "had got into it with her on several occasions." *Doc. 41-2 at 4*. He denied both: (1) writing the letter requesting that he be transferred; and (2) possessing the contraband at issue.[5] *Id. at 5*. Mr. Teconchuk testified that Major Griffin retaliated against him after he "wrote [a] statement against her for bringing in [] contraband." *Id*. Although Mr.

---

[5] Although Mr. Teconchuk testified that he did possess tattooing instruments, the tattoo instruments located by Major Griffin and Lieutenant Norris did not belong to him. *Id. at 10*. He also believed that Major Griffin could have planted the contraband at issue. *Id*.

4

Teconchuk admits that Major Griffin did not actually issue him the major disciplinary at issue, nor did she find him guilty of any disciplinary charge, he contends that Lieutenant Norman is her "family." *Id. at 6, 12*. Another officer allegedly told Mr. Teconchuk that "she done all this behind those statements you wrote on her." *Id. at 9*.

Major Griffin also attaches a declaration to her motion. *Doc. 41-3*. She testifies that, with regard to the October 2021 incident, other than signing off on the chain of custody for the contraband found, and approving the restrictive housing of Mr. Teconchuk, she had no further involvement in the incidents giving rise to this lawsuit. *Id. at 2*.

### C. Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Teconchuk's official-capacity claims against Major Griffin seeking money damages are barred by sovereign immunity.

### D. Qualified Immunity - Retaliation Claim

Major Griffin asserts qualified immunity on Mr. Teconchuk's remaining individual capacity claim against her and seeks summary judgment in her favor. Qualified immunity protects government officials from personal liability for damages "insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defense at the summary judgment stage, a plaintiff must show: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).

To succeed on a retaliation claim, Mr. Teconchuk must prove that: (1) he engaged in constitutionally protected activity; (2) Major Griffin took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, at *904 (8th Cir. 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn.

1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Even assuming the reports that Mr. Teconchuk made are protected activity, he has failed to come forward with any evidence contradicting Major Griffin's sworn testimony. Furthermore, Mr. Teconchuk admits that Major Griffin was not involved in either issuing or finding him guilty of the underlying disciplinary charges. Mr. Teconchuk's speculative and conclusory allegations regarding any "family" relationship that Major Griffin had with the other officers involved in this incident fail to create any genuine question of material fact. Based on the evidence presented, no reasonable juror could conclude that the motivating factor for the disciplinary charges issued by Lieutenant Norris was Major Griffin's desire to retaliate against Mr. Teconchuk. See *Farver v. Schwartz*, 255 F.3d 473, 475 (8th Cir. 2001) (citing *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996) (Plaintiff "must prove that a desire to retaliate was the actual motivating factor.").

Additionally, a disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). Stated differently, a retaliatory discipline claim fails, as a matter of law, if there is "some evidence the inmate actually committed a rule violation." *Id*. Importantly, a "report

7

from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Id.*; *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (a disciplinary decision made by an impartial decision maker and supported by some evidence "essentially checkmates" a retaliation claim).

In this case, Officer Minor found Mr. Teconchuk guilty of the disciplinary charges at issue. She relied on the statement and evidence provided by Lieutenant Norris. As a result, because an impartial rule maker found Mr. Teconchuk guilty of a rule violation based on "some evidence," his First Amendment claim against Major Griffin fails as a matter of law.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Major Griffin's motion for summary judgment (*Doc. 41*) be GRANTED.

2. Mr. Teconchuk's remaining retaliation claim against Major Griffin be DISMISSED, with prejudice.

3. The Clerk be instructed to close this case.

Dated this 6th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE